IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-cv-00683-BO

Ralph Langdon )
)
Plaintiff, )
)
v. ) ORDER
)
Kilolo Kijakazi, )
*Acting Commissioner of Social Security* )
Defendant. )

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, DE 20]. A hearing on the matters was held before the undersigned on September 14, 2022 at 2:00 pm via video conference in Greenville and Elizabeth City, North Carolina. For the following reasons, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

BACKGROUND

On April 9, 2016, plaintiff protectively filed an application for a period of disability and disability insurance benefits ("DIB"), alleging an onset date of March 25, 2015. Plaintiff's applications were initially denied on May 20, 2016 and again later upon reconsideration. Plaintiff appealed and had a hearing before an Administrative Law Judge ("ALJ") Christopher Willis on June 8, 2016. On April 18, 2018, ALJ issued an unfavorable decision and found that plaintiff was not disabled. The Appeals Council vacated the ALJ's decision and remanded it to ALJ Rebecca Adams for further consideration. The hearing was conducted on July 13, 2020, and on July 28, 2020, the ALJ issued an unfavorable decision. Plaintiff requested review of this decision and, on

October 20, 2020 the Appeals Council denied plaintiff's request for review, thereby rendering it the final decision of the Commissioner.

At the time of plaintiff's hearing, Mr. Langdon was 5'9" and 372 pounds. Plaintiff has no past relevant work but worked showing real estate around Cumberland County.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be

2

Case 5:20-cv-00683-BO   Document 26   Filed 09/29/22   Page 2 of 7

made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

If the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied at step one. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments (Listing) in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since the date that his application was filed. At step two, the ALJ found that plaintiff's morbid obesity was a severe impairment. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ found that plaintiff could perform medium work subject to some limitations. At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Therefore, the ALJ concluded that plaintiff was not disabled.

Langdon makes two arguments relating to the evidence considered by the ALJ and the ALJ's assessment of the medical and opinion evidence. Upon review of the record and the ALJ's decision, the Court determines that the ALJ applied the correct legal standard and the decision is supported by substantial evidence.

## I. Sufficient evidence that Langdon's osteoarthritis and degenerative joint disease were *not* severe impairments

"In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Upon review, this Court asks whether the record contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted).

The ALJ found that Langdon's osteoarthrosis and degenerative joint disease ("DJD") were not "severe impairments." Tr. 13. Plaintiff argues that ALJ Adams should have given weight to ALJ Willis's previous findings (subsequently vacated by the Appeals Council). Plaintiff has not cited any authority showing that ALJ Adams was bound by ALJ Willis's vacated decision.

Plaintiff further argues that the ALJ should have considered Langdon's osteoarthritis and DJD to be severe impairments. DE 19 at 10. "An impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) (quotations omitted) (emphasis in original).

ALJ Adams had sufficient evidence to find that Langdon's osteoarthritis and DJD were not severe impairments because, as the insured status date approached (December 31, 2015),

4

Langdon's conditions had improved. In February 2015, he reported the medicine (naproxen) was working well. Tr. 502. Langdon visited his primary care doctor in July 2015 and did not report any pain in his foot, shoulders, or knee. Tr. 14. He visited the doctor in October 2015, and again, he reported no pain. Tr. 14. The doctor noted that Langdon had a normal gait and no edema. Tr. 494. This evidence means that there was sufficient evidence for the ALJ's finding factual finding that – during the brief period in 2015 – Langdon's "impairments [were] controlled with appropriate treatment or they [did] not resulted in any significant functional limitations." Tr at 13.[1]

## II. Harmless Error

It is error for an ALJ to mistakenly omit a severe impairment. But it is harmless error if the ALJ considers the impairment in his RFC analysis. *Jones v. Astrue*, 2009 WL 455414 at *2 (E.D.N.C. Feb. 23, 2009). Contrary to plaintiff's argument, this ALJ considered plaintiff's alleged pain when evaluating Plaintiff's RFC. Tr. 16. The ALJ recognized that Langdon allegedly has trouble gripping things, climbing stairs, and walking on uneven ground. Tr. 16. The ALJ considered Langdon's claim that changing a lightbulb caused him pain. Tr. 16.[2] Therefore, even if the ALJ wrongly categorized Langdon's osteoarthritis and DJD as non-severe impairments, the error was harmless.

## III. Sufficient evidence to discount Dr. Linster's opinion

Plaintiff argues that the ALJ erred in the treatment of the medical opinion of the state agency examining physician. An ALJ has the discretion to find one medical opinion more persuasive than another. *Id.* at 696. When there is a substantial conflict in the medical evidence,

---

[1] Langdon relies on evidence from *after* the relevant time period.
[2] *Jones v. Astrue*, No. 5:07-CV-452-FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (finding no reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation provided the ALJ considers that impairment in subsequent steps).

5

an ALJ must explain their reasoning. *Id.* at 695. Specifically, federal regulations highlight the importance of "supportability" and "consistency" of medical opinions. See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (emphasis on medical signs and laboratory findings that support the opinion); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (emphasis on consistency of opinion with record as a whole). This Court's review asks whether the record contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

The ALJ found Dr. Linster's opinion was inconsistent with the evidence. Dr. Linster found plaintiff's osteoarthritis was a severe impairment and that he was only capable of a reduced range of light work (Tr. 104-106) (recommending that Langdon not lift or carry more than 20 pounds). Tr. 104. But this is inconsistent with plaintiff's activities. In March 2015, just before the alleged onset date, plaintiff reported doing yardwork that involved "chopping roots and raking." Tr. 412. In July 2015, after the alleged onset date, Langdon reported being stung by wasps while removing a seat from an old car. Tr. 496. He also reportedly chased after a truck. Tr. 496. In April 2016, plaintiff reportedly had good range of motion in his shoulder and walked without a limp. Tr. 659.

Therefore, the ALJ had sufficient evidence to give Dr. Kreymerman's opinion more weight than Dr. Linster's. Tr. 17; Tr. 115-17 (Kreymerman's opinion); Tr. 104-06 (Dr. Linster's inconsistent opinion). "Ultimately, it is the duty of the administrative law judge reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the plaintiff may disagree with the ALJ, but that does not warrant remand.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence and the correct law was applied. The decision of the Commissioner is therefore AFFIRMED. Plaintiff's motion for judgment on

6

Case 5:20-cv-00683-BO   Document 26   Filed 09/29/22   Page 6 of 7

the pleadings [DE 18] is DENIED and defendant's motion for judgment on the pleadings [DE 20] is GRANTED.

SO ORDERED, this __29__ day of September, 2022.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE